(No. 44722.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. SAM ADAM, Appellant.

*Opinion filed January 28, 1972.—Rehearing denied March 29, 1972.*

R. EUGENE PINCHAM, CHARLES B. EVINS, EDWARD M. GENSON, ARNETTE HUBBARD, JAMES D. MONTGOMERY, LEO HOLT and GEORGE C. HOWARD, all of Chicago, for appellant.

EDWARD V. HANRAHAN, State's Attorney, of Chicago, (ROBERT A. NOVELLE and GEORGE PAPPAS, Assistant State's Attorneys, of counsel,) for the People.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant, Sam Adam, appeals from the order of the circuit court of Cook County adjudging him in contempt of court and sentencing him to 10 days in the House of Correction. We allowed his motion for leave to file an original action in *habeas corpus* and have consolidated the original action and the appeal for consideration and opinion.

The record shows that Shirley Walker was called to testify before the September, 1971, Cook County grand

jury which was investigating an alleged obstruction of justice in a police investigation of a murder. Defendant Adams, Miss Walker's attorney, was called to testify before the same grand jury. He testified that he was her attorney and, although ordered to do so by the circuit court, he refused to answer the following questions:

"1. When did you become the lawyer for Shirley Walker?

2. Would you tell the Ladies and Gentlemen of the Grand Jury the circumstances surrounding your employment as Shirley Walker's lawyer?

3. I now ask you, Mr. Adam, to inform this Grand Jury as to that conversation that took place between you and Miss Walker and Mr. Pincham on Tuesday morning, September 28, 1971, as you were enroute here to the Criminal Courts Building in Mr. Pincham's car?"

Defendant refused to answer the questions primarily on the ground that to do so would result in the disclosure of information protected by the attorney-client privilege, and secondarily on the ground that there was no showing of probable cause for "invading and violating his Fourth Amendment right to be secure in his person against unreasonable search and seizure." The circuit court found his refusal to answer to be contemptuous, imposed sentence, and these proceedings followed.

We consider first defendant's contention based upon the alleged violation of his rights under the fourth amendment. Although the authorities cited by the defendant tend to support his argument that an overly broad *subpoena duces tecum* may constitute an unreasonable search and seizure impermissible under the fourth amendment, we find no authority for the proposition that a grand jury must have probable cause to subpoena a witness to testify. We hold, therefore, that insofar as defendant's refusal to testify was based on the constitutional argument, the circuit court did not err in ordering him to answer the questions.

Defendant contends that all of the matters within the scope of the three questions which he refused to answer are protected from compulsory disclosure by the attorney-client privilege. The People contend that assuming, *arguendo*, that the matters about which defendant was interrogated were privileged, Miss Walker had already testified regarding them and the privilege was thereby waived. Defendant argues that because Miss Walker had been granted immunity, her testimony was compelled and involuntary, and there was, therefore, no waiver of the privilege.

The attorney-client privilege exists in order that one who is, or seeks to become a client, may consult freely with counsel without fear of compelled disclosure of information communicated by him to the attorney whom he has employed, or seeks to employ. The essentials of its creation and continued existence have been defined as follows: "(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived." 8 Wigmore, Evidence, sec. 2292 (McNaughton Rev. 1961).

Counsel have not cited nor has our research revealed a case involving the precise issue here presented. We have examined a number of authorities, many of them conflicting, and conclude that the fact that Miss Walker testified after a grant of immunity and under compulsion is not dispositive of the issue of waiver. Under modern procedures process is available, with rare exception, to compel attendance of witnesses either in court or for deposition and in that sense, most testimony is given under compulsion. The decisive factor, therefore, is whether the privilege was timely asserted by the client for whose protection it exists.

The record before us does not contain the testimony of Shirley Walker before the grand jury. Defendant's brief,

however, states that in her testimony she told the grand jury when she employed defendant, and also related the conversations held with defendant in Pincham's car while enroute from the latter's home to the Criminal Courts Building. It is also stated in defendant's brief that while she testified before the grand jury defendant waited outside the grand jury room and that she repeatedly left the grand jury room and conferred with defendant. Defendant does not argue that Shirley Walker was not aware of, and could not, therefore, waive the attorney-client privilege. Under the circumstances shown we need not and do not decide whether the answers to the first and third questions are privileged, because if so, the privilege was waived.

The second question presented an issue more difficult of resolution. Defendant's brief states that Miss Walker testified that she had heard of defendant and that she called his office and spoke with him, arranged to meet him, and retained him. None of these matters are privileged because the privilege applies only to communications made by Miss Walker to defendant. It cannot be determined from the record and briefs whether there were in fact privileged matters communicated to the defendant, and if so, in whose presence, and for what purpose, nor can it be determined whether Miss Walker testified to any such communications. Whether a series of questions might have covered matters, some privileged and some not, is pure conjecture. Under the circumstances, in refusing to answer the question in the form in which it was propounded, we are unable to say defendant was in contempt.

For the reasons herein set forth the petition for a writ of *habeas corpus* is denied. The judgment of the circuit court of Cook County adjudging the defendant guilty of contempt for refusal to answer questions 1 and 3 is affirmed, and as to question 2 is reversed and remanded for further proceedings.

> *Affirmed in part, and reversed in part*
> *and remanded, and writ quashed.*