THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* FRANK J. PETRU, Defendant-Appellee.

Second District    No. 76-22

Opinion filed September 20, 1977.

William J. Scott, Attorney General, of Chicago (Michael B. Weinstein, Assistant Attorney General, of counsel), for the People.

Marco & Mannina, of Downers Grove, for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

The State brings this appeal from an order of the trial court suppressing the testimony of witnesses which was entered as a sanction against the State for failure to furnish discovery as previously ordered by the court.

Defendant was charged with driving under the influence of intoxicating liquor in violation of section 11—501 of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 11—501). On August 18, 1975, the State's Attorney of Du Page County withdrew and the Attorney General was substituted as prosecutor for the State, apparently because defendant was an assistant State's Attorney for Du Page County. A pretrial conference was scheduled for September 26 and when an assistant Attorney General failed to appear for the State, defendant moved for dismissal of the complaint pending against him. The order entered that date recites that the trial court dismissed the cause for "failure to furnish the defendant discovery and failure to appear."

On October 20 defendant and his counsel received the State's response to the earlier discovery order and, thereafter, on November 6, 1975, the court granted the State's motion to vacate the dismissal order and

reinstated the cause against the defendant. The court also entered an order suppressing the testimony of all witnesses not named in the original complaint as a sanction against the State pursuant to Supreme Court Rule 415(g) (Ill. Rev. Stat. 1973, ch. 110A, par. 415(g)). The State appeals from that order pursuant to Supreme Court Rule 604(a)(1) (Ill. Rev. Stat. 1973, ch. 110A, par. 604(a)(1)).

■■  The supreme court rules governing discovery in criminal cases (Ill. Rev. Stat. 1973, ch. 110A, pars. 411 through 415) were adopted effective October 1, 1971. Prior to the promulgation of these rules, discovery in all criminal cases was governed by various statutory provisions and the decisions of the courts of review. The supreme court discovery rules apply only in criminal cases wherein the accused is charged with a felony offense for which he might be imprisoned in the penitentiary. (Ill. Rev. Stat. 1973, ch. 110A, par. 411.) Defendant in this case is charged with a Class A misdemeanor, the penalty for which may not include imprisonment in the penitentiary (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—3(a)(1)); the discovery rules do not provide for discovery in such case or in any other misdemeanor prosecution. Our supreme court in *People v. Schmidt* (1974), 56 Ill. 2d 572, 575, 309 N.E.2d 557, 558, expressly rejected the contention that the trial court retained discretion to apply the felony discovery rules to misdemeanors, stating:

> "At the time of the adoption of the 1971 rules we believed adequate for the lesser offenses the discovery provided by case law and statute, and we see no reason to depart from that view now."

It seems clear that the order of the trial court applying a sanction pursuant to Supreme Court Rule 415(g) was unauthorized and the trial court may not look to such rules in imposing discovery orders or sanctions if those orders are not followed by a party.

Defendant contends, however, that the trial court has the inherent power to enforce its orders by the imposition of the exclusion sanction and was justified in this instance in doing so. Defendant relies upon *People v. Endress* (1969), 106 Ill. App. 2d 217, 245 N.E.2d 26, which involved a felony charge brought prior to the adoption of the supreme court discovery rules, wherein the trial court ordered the prosecution to produce physical evidence in the State's possession for examination by the defendant. The prosecutor respectfully declined to respond to the order for the purpose of bringing about consideration of the discovery requirements in such a case by a court of review. The trial court thereupon entered an order suppressing the evidence and imposing a fine for contempt on the prosecutor. The appellate court determined that the purpose of pretrial discovery in a criminal case was to afford defendant a fair trial and the sanctions which might be considered as a result of noncompliance with a discovery order by a party "must, * * *

necessarily be designed and structured to obtain the pretrial discovery." (*Endress*, 106 Ill. App. 2d 217, 223, 245 N.E.2d 26, 29.) It also found that while the trial court does have the inherent authority to impose sanctions to insure defendant a fair trial, that suppressing evidence has the effect of decreasing the equality necessary for a fair trial and is "a sanction which affects the prosecution and not the prosecutor * * *." (*Endress*, 106 Ill. App. 2d 217, 223, 245 N.E.2d 26, 29.) The reviewing court vacated the order of the trial court suppressing the evidence and imposing a fine for contempt, contingent upon the prosecutor complying with the trial court's order regarding discovery on remand.

A court does have inherent power to enforce its orders including the imposition of sanctions against one who is subject to the court's orders yet declines without lawful reason to follow them. Any sanction imposed should be fashioned to meet the circumstances of the particular case and with the ultimate object of compelling discovery, not to punish a party for the oversight or errors of his attorney. The exclusion of evidence is a harsh and far-reaching sanction; it does not contribute to the goal of truth-seeking. See *People v. Jackson* (1977), 48 Ill. App. 3d 769, 363 N.E.2d 392.

■■■ In the instant case exclusion of the testimony of all witnesses other than one person whose name appears on the complaint is tantamount to dismissal of the charge. The person named in the complaint is a private citizen who apparently was a witness to the occurrence of the alleged offense; the excluded witnesses are the investigating police officers who arrested defendant and who might reasonably be expected to be necessary witnesses for the State in the trial of the cause. We find that the order excluding the testimony of all persons other than one named in the complaint was excessive and constituted an abuse of discretion under the circumstances of this case. We believe the trial court could have more reasonably enforced its disclosure orders and accomplished its purpose of insuring both the State and the defendant a fair trial by one of several other means less stringent than that applied in this case. A rule to show cause entered against the representative of the State would have been appropriate under these circumstances to determine the reasons or legal basis, if any might exist, for failure of the State to carry out the order of the court. After a hearing appropriate penalties or sanctions, if then necessary, could be fashioned by the court to meet the exigencies of the situation. We do not intend by this opinion to preclude the imposition of any other appropriate sanction in the proper case, but in considering this matter we are mindful that the record discloses that the disputed discovery which is the subject of this appeal was in fact furnished to defendant prior to the entry of the exclusion order by the trial court.

For these reasons we reverse that part of the order of the trial court which suppressed the testimony of witnesses and remand the cause to the trial court for proceedings not inconsistent with our opinion.

Reversed in part and remanded.

BOYLE and SEIDENFELD, JJ., concur.