THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* TARRY S. LEANNAH, Defendant-Appellee.

Second District   No. 78-138

Opinion filed June 12, 1979.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Malcolm F. Smith, Assistant State's Attorney, and Phyllis J. Perko, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Ronald A. DaRosa, of Mountcastle & DaRosa, of Wheaton, for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

The State brings this appeal from an order of the trial court dismissing criminal charges which had been filed against defendant, Tarry Leannah. The sole issue on appeal is whether the court erred in granting defendant's motion to dismiss based on its finding defendant was denied due process of law by the State's failure to comply with certain disclosure orders.

Defendant was arrested on June 8, 1977, and charged with aggravated battery (Ill. Rev. Stat. 1975, ch. 38, par. 12—4(b)(6)) and resisting a peace officer (Ill. Rev. Stat. 1975, ch. 38, par. 31—1). He was released on bail and on July 13 filed a written demand for a speedy trial. On October 17 the trial court ordered the State to respond to a request for disclosure made by defendant and directed it to produce all matters required by subsections (a), (b) and (c) of Supreme Court Rule 412 (Ill. Rev. Stat. 1975, ch. 110A, par. 412(a) through (c)). The State's written response to this order, which it filed on November 7, included the names of potential witnesses and stated that certain reports of police officers were attached to it; these reports, however, were not actually provided to defendant until November 21, apparently through a clerical error. The State's answer also mentioned that a videotape had been made of defendant at the police station on the night of his arrest and stated it would be made available for inspection by defendant. On November 22, however, on requesting the videotape from the Wheaton Police Department in order to furnish it to defendant, the assistant State's Attorney learned it had been erased for reuse as the police department had believed it was no longer required in court. The defendant's counsel was so informed that day that the tape would not be available to him or to the prosecution.

On December 15, at a final court appearance held prior to the trial then set for December 19, the assistant State's Attorney provided to defendant and his counsel several additional police reports it had not earlier disclosed. On that same day defendant filed a motion to dismiss alleging that the erased videotape of him contained exculpatory evidence which would have shown he was too intoxicated to have formed the requisite intent to commit the offenses with which he was charged, and it further alleged that defendant was denied due process of law by the State's failure to earlier furnish the additional police reports first given to him on that day.

No evidentiary hearing was requested by defendant or held on this motion by the trial court; it passed on it on December 15 after considering only the arguments made by counsel. Defendant contended there, as he does here, that the State's failure to comply with the court's discovery orders in not providing him with both the videotape and statements of certain witnesses mentioned in the reports prior to December 15, coupled with the fact that the 160-day period in which defendant was entitled to be tried after demand would expire on December 20, would act to deny him due process of law if he were required to prepare for trial by the day set. The trial court thereupon dismissed both charges and the State has appealed.

■■ A court has the inherent authority to dismiss a criminal case where there has been a clear denial of due process even though not based upon a ground for dismissal found in section 114—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 114—1). (*People v. Lawson* (1977), 67 Ill. 2d 449, 455, 367 N.E.2d 1244, 1246.) While Supreme Court Rule 412(c) (Ill. Rev. Stat. 1975, ch. 110A, par. 412(c)) provides that the prosecution must disclose to a defendant "any material or information *within its possession or control which tends to negate the guilt of the accused * * *,*" a defendant still has the burden to establish that any evidence not promptly disclosed by the State was both material to the case and favorable to him in order to demonstrate a due process violation. *Brady v. Maryland* (1963), 373 U.S. 83, 87, 10 L. Ed. 2d 215, 218, 83 S. Ct. 1194, 1196; *People v. Nichols* (1976), 63 Ill. 2d 443, 446, 349 N.E.2d 40, 42.

■■ Defendant contends due process was denied him by the failure of the State to produce the erased videotape because, he argues, it would have proved his defense of intoxication. The State stipulated that defendant did appear on the missing videotape and, while it agreed that an issue of intoxication existed, it denied defendant was so intoxicated as to negate the requisite intent to commit the offenses with which he was charged. It is apparent that the content of the videotape could have been material evidence affecting the resolution of the issue of defendant's intoxication.

It might have demonstrated he was so intoxicated as to be incapable of forming the intent to commit these offenses, or, on the other hand, it may well have suggested only a slight degree of intoxication which would not assist in his asserted defense. Defendant, however, made no showing at all that the videotape contained evidence favorable to him as is required by *Brady* in order to demonstrate a due process violation. (See generally *People v. Ruffalo* (1979), 69 Ill. App. 3d 532, 388 N.E.2d 114.) He could easily have ascertained who else was present when the videotape was made and by such witnesses presented evidence of his behavior and appearance at that time or he could have called as witnesses anyone who had subsequently viewed the tape for a description of what it depicted. If such evidence had been presented the trial court would have had a factual basis upon which it might determine what effect, if any, the loss of this evidence would have upon his defense. The court had no evidence before it that the videotape would have been favorable to his defense and, therefore, could not properly find from its absence that defendant had been deprived of due process.

■ In its ruling on the motion to dismiss the trial court also relied on the State's failure to more promptly furnish the police reports first disclosed to defendant on December 15. Most of these reports clearly contained no relevant information which could have been helpful to defendant in his forthcoming trial as they were not directed towards defendant or his conduct. One of these reports, however, was written by Lieutenant Dobbs, a police officer who had assisted in arresting defendant, but whose name did not appear on the State's list of potential witnesses. Nothing contained in the Dobbs' report suggests the existence of evidence favorable to defendant nor does it appear that anything contained therein would cause defendant additional difficulty preparing for trial because of its late production. A more difficult question is presented by the June 15 report of Sergeant Spayth. It was first furnished to defendant on December 15 and stated Spayth had received statements from three persons named therein and that a fourth person had told the officer he would be in to make a statement. The record does not disclose whether these "statements" were written, recorded or summarized and thus discoverable under Rule 412(a)(i) (Ill. Rev. Stat. 1975, ch. 110A, par. 412(a)(i)), nor may it be determined from this record whether testimony of these witnesses would have in any way been favorable to defendant. The names of all four of these persons, however, do appear on the State's list of potential witnesses which had been timely furnished to defendant on November 7. While the State's failure to complete disclosure until only four or five days remained before trial was contrary to the orders of the trial court it would seem to have amounted only to an inconvenience to

defendant and his counsel. They had the time necessary to follow up on the new matters and would have also been entitled to additional time before trial for that purpose if they believed it was required. A due process violation does not appear, therefore, in this regard.

■ Supreme Court Rule 415(g)(i) (Ill. Rev. Stat. 1975, ch. 110A, par. 415(g)(i)) provides that a trial court may apply sanctions for failure to comply with discovery orders and these include the granting of continuances, the exclusion of evidence or such other sanction as the court "deems just under the circumstances." Although it is apparent that the series of assistant State's Attorneys who were responsible for the prosecution of this case were less than diligent in carrying out the disclosure orders of the trial court, in our view dismissal of the charges in this case would not be an appropriate sanction to be imposed by the trial court in these circumstances. The purpose of disclosure is to insure both the State and defendant a fair trial and a sanction imposed for failure to comply with a disclosure order should assist in compelling disclosure and not have as its sole object the punishment of a party for failure to comply. (*People v. Petru* (1977), 52 Ill. App. 3d 676, 679, 367 N.E.2d 980, 982.) The trial court could well have considered other sanctions in this case, as provided in the rules, including imposition of a penalty against the representative of the State for failure to follow its orders. We find that the trial court abused its discretion in dismissing the charges against defendant under these circumstances.

For these reasons the judgment of the Circuit Court of Du Page County is reversed and the cause remanded to the trial court for further proceedings consistent with our opinion.

Reversed and remanded.

LINDBERG and SEIDENFELD, JJ., concur.