THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BOB RAMSHAW, Defendant-Appellant.

Fifth District    No. 78-446

Opinion filed July 31, 1979.

Larry L. Le Fevre, of Crawford, Le Fevre and Zeman, Law Group Limited, of Vandalia, for appellant.

Edward C. Eberspacher, State's Attorney, of Shelbyville (Raymond F. Buckley, Jr., and Curtis L. Blood, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant Bob Ramshaw was convicted in the circuit court of Shelby County of four counts of unlawful sale of alcholic beverages and four counts of unlawful sale of alcoholic beverages to a minor in violation of section 1 of article X and section 12 of article VI of the Dramshop Act (Ill. Rev. Stat. 1977, ch. 43, pars. 183, 131). Defendant was sentenced to one year of probation and fined $100 on each of the eight counts. He contends in this appeal that the trial court erred when it excluded from the trial certain defense witnesses for failure to comply with discovery procedures and when it failed to grant defendant's request for continuance due to the absence of a material defense witness.

On November 10, 1977, defendant was charged by information with four counts of unlawful sale of alcoholic liquor (Ill. Rev. Stat. 1977, ch. 43, par. 183) and with four counts of unlawful sale of alcoholic liquor to a minor (Ill. Rev. Stat. 1977, ch. 43, par. 131). On December 21, 1977, the

State filed a motion for disclosure pursuant to Supreme Court Rule 413 (Ill. Rev. Stat. 1977, ch. 110A, par. 413), requesting a list of defendant's witnesses. Certain of defendant's subpoenaed witnesses had not been disclosed to the State at the time of trial, and on motion of the State, the court excluded all testimony of any of defendant's witnesses under subpoena but not listed in defendant's response to the State's motion for disclosure. Included in defendant's disclosure list was Tim Culberson, a witness defendant subpoenaed for trial. On the date of the trial, an attorney representing Tim Culberson appeared and presented a doctor's statement indicating that Culberson was ill and could not be present in court to testify. Defense counsel then moved for a continuance for the reason that a material witness could not be present. Noting that Culberson's testimony was "absolutely necessary" to counts V and VI of the information, the court nevertheless denied the motion for continuance.

■■ Defendant first contends in this appeal that the trial court erred in excluding certain defense witnesses for defendant's failure to comply with the State's motion for disclosure. All charges against defendant in this case were misdemeanors (Ill. Rev. Stat. 1977, ch. 43, pars. 183 and 131). Though the State's motion for disclosure alleged that it was filed pursuant to Supreme Court Rules 413-415, it is clear that those rules are not applicable to misdemeanor cases (Ill. Rev. Stat. 1977, ch. 110A, par. 411). There is accordingly no statutory authority for the State or the court to compel defendant to reveal the names and last known addresses of all defense witnesses in a misdemeanor case.

In *People v. Schmidt* (1974), 56 Ill. 2d 572, 309 N.E.2d 557, the Illinois Supreme Court held that the State could not be forced to produce, prior to the trial of a misdemeanor charge, a driving-while-intoxicated arrest report. The court expressly rejected the contention that the trial court retained discretion to apply the felony discovery rules to misdemeanors, stating:

> "At the time of adoption of the 1971 rules we believed adequate for the lesser offenses the discovery provided by case law and statute, and we see no reason to depart from that view now." (56 Ill. 2d 572, 575.)

The holding in *Schmidt* was specifically followed in *People v. Petru* (1977), 52 Ill. App. 3d 676, 367 N.E.2d 980, where the court reversed the trial court's exclusion of certain of the State's witnesses for failure to comply with discovery rules in a misdemeanor case. The court noted that the exclusion sanctions of Supreme Court Rule 415(g) were not applicable to misdemeanor cases and that the trial court may not look to such rules in imposing discovery orders or sanctions if those orders are not followed by a party.

■ The defendant's right to present witnesses in his own defense is guaranteed by the sixth and fourteenth amendments to the United States Constitution and by article I, section 2 of the Illinois Constitution. This court in *People v. Rayford* (1976), 43 Ill. App. 3d 283, 356 N.E.2d 1274, held that the exclusion of evidence is so drastic a sanction that it should be applied only where there is a flagrant or wilful disregard of the court's authority. The present case in no way evidences this kind of violation. We believe that the trial court's exclusion of defendant's witnesses in this case requires that this cause be reversed and remanded for a new trial.

■ Defendant next contends that the trial court erred in denying his motion for continuance. Defense counsel alleged in the motion that the unavailable witness was material to the issues in this case, and the trial court recognized this fact in the denial of the motion. The case had been carried on expeditiously to this point, and there is no indication in the record that the request for continuance was in any way motivated by a desire for delay. The court in *People v. Blumenfeld* (1928), 330 Ill. 474, 161 N.E. 857, considered this problem and held that the refusal to grant a continuance may constitute an abuse of discretion when it interferes with the ascertainment of the truth as to whether or not the person accused is, in fact, guilty of the crime. Under the facts presented in this case, we believe the trial court's refusal to grant defendant's motion for continuance constituted an abuse of discretion.

For the foregoing reasons the judgment of the circuit court of Shelby County is reversed and this cause is remanded for a new trial.

Reversed and remanded.

KUNCE and KARNS, JJ., concur.