THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JAMES R. ANDERSON, Defendant-Appellee.

Second District   No. 79-222

Opinion filed January 30, 1980.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Robert L. Thompson, Assistant State's Attorney, of counsel), for the People.

Heise & Coolahan, of Glen Ellyn, for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Defendant, James Anderson, was charged by complaint with battery on August 5, 1978. On October 10, 1978, the State was ordered to comply with discovery within 30 days, and trial by jury was set for November 28, 1978. On the date of trial the defendant was present with his attorney and with a witness, but the State had not yet complied with discovery. The State offered to comply with discovery within a half hour, but defendant made an oral motion to dismiss the charge as a sanction for the State's noncompliance with discovery; the motion was granted. On December 21, 1978, the State's motion to reconsider the dismissal was argued and the trial court denied the motion. The State appeals the denial of that motion; accordingly the sole issue on appeal is whether the trial court abused its discretion in dismissing a misdemeanor complaint as a sanction for failure of the State to comply with a discovery order.

● ■ ■ A trial court has the inherent power to enforce its orders by means of imposition of sanctions against one who is subject to the court's orders but who declines without lawful reason to follow them. (*People v. Petru* (1977), 52 Ill. App. 3d 676, 367 N.E.2d 980.) However, the sanctions which are imposed should be fashioned so as to meet the circumstances of the particular case and with the ultimate object of compelling compliance, not the punishment of a party for the oversight or errors of his attorney.

(*People v. Petru*.) There is no codification in Illinois of the allowable sanctions to be imposed in misdemeanor cases for failure to comply with discovery. A trial court may not apply a sanction pursuant to Supreme Court Rule 415(g) (Ill. Rev. Stat. 1977, ch. 110A, par. 415(g)) in a misdemeanor case as though it were a felony case (*People v. Schmidt* (1974), 56 Ill.2d 572, 309 N.E.2d 557). It should not be inferred from this holding that dismissal would never be a permissible sanction in a misdemeanor case.

It has been held in a misdemeanor case that the exclusion of evidence as a sanction for noncompliance with discovery is such a drastic sanction that it should be applied only where there is a flagrant or willful disregard of the court's authority. (*People v. Ramshaw* (1979), 75 Ill. App. 3d 123, 394 N.E.2d 21.) The complete dismissal of the charge would be at least as drastic a sanction as the exclusion of evidence. (*People v. Petru*.) In a felony case this court has recently held that dismissal of a charge for failure of State's Attorneys to complete discovery until only four days remained before trial would not be an appropriate sanction. *People v. Leannah* (1979), 72 Ill. App. 3d 504, 391 N.E.2d 187.

■■ In the present cause, the State was ordered to furnish discovery by October 10, 1978, and the case was to be tried on November 28, 1978. Both parties knew discovery was due on October 10, 1978; although there is no requirement that a defendant actively seek to obtain discovery from the State, neither does the record show that defendant, in fact, took steps beyond the initial request to secure discovery from the State. Certainly the onus was on the State, and apparently for this reason the State offered to furnish discovery within one-half hour when the case was called for trial. No hearing was held to determine if defendant was prejudiced by the later offer of discovery. Therefore, considering the fact that the desired discovery was tendered by the State and that other possible sanctions against the State's Attorney did exist which would better serve the ends of justice, it is our opinion that it was an abuse of discretion for the trial court to have taken the severe step of dismissing the cause.

The decision of the trial court is accordingly reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

LINDBERG and NASH, JJ., concur.