THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
JOHN FORSYTHE, Defendant-Appellee.

First District (3rd Division)    No. 79-405

Opinion filed May 14, 1980.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Paul C. Gridelli, and Cary J. Wintroub, Assistant State's Attorneys, of counsel), for the People.

Sam Adam, of Chicago, for appellee.

Mr. JUSTICE SIMON delivered the opinion of the court:

The defendant, facing trial on a seven-count controlled substances

indictment, served a discovery request on the State asking for the name of any informants involved in the case or, alternatively, that the informants be brought forward in an in-camera proceeding to confirm their existence. As a sanction for refusing to comply with discovery, the trial court dismissed all seven counts of the indictment. We hold that under the facts of this case the sanction was too severe, and we remand the cause for trial after the imposition of an appropriate sanction.

Charged with delivery of preludin and heroin, both controlled substances, in violation of section 401 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1401(a-d)), defendant John Forsythe filed a pretrial motion for discovery, including a request that

> "* * * the prosecution be ordered to compel any informants whom the State intends to keep the identity of a secret to be brought to the court at any time, date or place out of the presence of the defendant and defense counsel to assert whether or not this informer in fact does exist. Further that informants who are to be produced at any hearing or trial, be named and disclosed on the list of witnesses."

The State filed an answer reading, "The identity of the informants, if any, is not known to the prosecution at this time." Along with the answer the State submitted copies of police reports, several of which mentioned in passing the part played in the investigation by an unidentified informant. While the State's answer to the discovery motion was perhaps artfully constructed, the trial judge twice found as a matter of fact that the answer

> "* * * clearly indicates that you do not know anything about any informant or suggests that, you do not know his identity, you do not even know if there is one."

After the filing of this answer, no further mention of informants was made before trial.

The defendant elected to have a bench trial. The State's first witness, a police officer who had purchased drugs from Forsythe, began his testimony by mentioning that an informant, whom he called a "confidential source," had been present at one of the purchases. On motion of defense counsel, the trial judge after a hearing in which the State argued its answer was complete and accurate ruled that the State had not complied with the defense motion for discovery. Defense counsel proposed that as a sanction the indictment should be dismissed. The State offered no sanction, but instead continued to argue that there had been no discovery violation. The trial court dismissed the indictment, and the State appealed.

■■ We will not overturn the trial court's finding that the State did not comply with the discovery request. Due process required the State to

identify to the defense the informants used in its investigation. (*Roviaro v. United States* (1957), 353 U.S. 53, 1 L. Ed. 2d 639, 77 S. Ct. 623.) The identity of the informant assists the accused in the preparation of his defense, for it gives the accused the opportunity to interview the informant, thus avoiding surprise at trial and perhaps generating leads to additional evidence favorable to the defense. (*People v. Perez* (1974), 25 Ill. App. 3d 371, 375, 323 N.E.2d 399, 403.) But even where the informant's privilege sanctioned in Rule 412(j)(ii) (Ill. Rev. Stat. 1975, ch. 110A, par. 412(j)(ii)) and in *People v. Lewis* (1974), 57 Ill. 2d 232, 311 N.E.2d 685, cloaks the informant's identity in anonymity, the defense is materially assisted merely by knowing whether an informant whom police claim helped their investigation does or does not actually exist. If defense counsel knows that a State's witness will claim he acted upon facts supplied by an informant, but also knows that the State cannot produce such an informant at an in-camera proceeding, the witness' credibility can be impeached. The discovery request here asked for the informant's identity, but barring that, it asked that the informant's existence be confirmed. The request was proper and should have been answered accurately.

Supreme Court Rule 415(g) authorizes sanctions for violations of discovery in felony cases. (Ill. Rev. Stat. 1975, ch. 110A, par. 415(g).) The rule allows a trial court to permit the discovery of materials not previously disclosed, to grant a continuance, to exclude evidence or to "* * * enter such other order as it deems just under the circumstances." The rule also allows the court to subject trial counsel to "appropriate sanctions" for willful violations of discovery. It is the responsibility of the trial judge, in the exercise of his sound discretion, to impose an appropriate sanction. *People v. Leannah* (1979), 72 Ill. App. 3d 504, 508, 391 N.E.2d 187, 190.

■■ The State challenges the dismissal on the ground that no indictment may be dismissed except for one of the 10 errors listed in section 114—1 of the Code of Criminal Procedure. (Ill. Rev. Stat. 1975, ch. 38, par. 114—1(a)(1-10).) The supreme court ruled to the contrary in *People v. Lawson* (1977), 67 Ill. 2d 449, 455, 367 N.E.2d 1244, 1246, holding that the trial court has inherent power to dismiss an indictment for a due process violation.

Although the trial judge had authority to dismiss the indictment as a sanction for the discovery violation, we feel that the sanction imposed was inappropriate and an abuse of discretion. *Roviaro* offered dismissal as an option for failure to disclose the name of an informant. (*Roviaro*, 353 U.S. 53, 61, 1 L. Ed. 2d 639, 645, 77 S. Ct. 623.) *Lawson* held that dismissal was required for a due process violation only where substantial prejudice to the defendant resulted. (*Lawson*, at 456-57.) Where the State refuses to identify an informant in discovery, the minor sanction of a continuance

while the informant is made available to the defense for an interview renders the discovery violation harmless. (*People v. Pinchott* (1977), 55 Ill. App. 3d 593, 597-98, 370 N.E.2d 1289, 1292.) Thus, dismissal of the indictment was not required by either *Roviaro* or *Lawson.*

■■ Dismissal is not a specified sanction under Rule 415(g), and so it is proper only if it is "just under the circumstances." It must be proportionate to the magnitude of the discovery violation, for the sanction for a discovery violation must be fashioned to compel compliance, not punish the oversight or errors of a party's attorney. (*People v. Anderson* (1980), 80 Ill. App. 3d 1018, 1019, 400 N.E.2d 675, 676; *People v. Petru* (1977), 52 Ill. App. 3d 676, 679, 367 N.E.2d 980, 982.) Dismissing the indictment is disproportionately harsh if the prosecutor failed to disclose the existence of the informant due to an innocent breakdown in communication in his office or between his office and the investigating officer. On the other hand, if the refusal to disclose the informant's exexistence here was intentional, use of the trial court's contempt power rather than a dismissal of the indictment is a more direct and effective way of regulating the conduct of trial attorneys in carrying out their discovery duties. See *Leannah,* at 508; 73 Ill. 2d R. 415(g)(ii).

■■ Where the trial judge could have considered other sanctions, such as ordering a continuance so the defense could interview the informant (*Pinchott,* at 597-98), it is an abuse of discretion to dismiss the indictment. (*Anderson,* at 1020; *Leannah,* at 508.) The order dismissing the indictment is reversed and the cause is remanded for a consideration of the full panoply of possible sanctions and the imposition of an appropriate one. Trial, of course, should take place without unnecessary delay.

A second trial is not barred by the double jeopardy clause. There is no protected interest that is invaded when a trial court grants the defendant's midtrial motion to dismiss the indictment on a ground not related to guilt or innocence. (*United States v. Scott* (1978), 437 U.S. 82, 100 n.13, 57 L. Ed. 2d 65, 80 n.13, 98 S. Ct. 2187, 2198 n.13.) The exception for prosecutorial or judicial overreaching of *United States v. Jorn* (1971), 400 U.S. 470, 485, 27 L. Ed. 2d 543, 556-57, 91 S. Ct. 547, 557, does not apply, for here there was no "bad-faith conduct" by the prosecutor or judge which threatened to "harass" the accused by successive prosecutions or abort the instant proceeding in favor of trial before a more amenable finder of fact. *United States v. Dinitz* (1976), 424 U.S. 600, 611, 47 L. Ed. 2d 267, 276, 96 S. Ct. 1075, 1081.

Judgment reversed and remanded.

McGILLICUDDY, P. J., and RIZZI, J., concur.