THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MILTON C. JACOBSON, Defendant-Appellant.

First District (1st Division) No. 82—2403

Opinion filed October 31, 1983.

Steven M. Sandler, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Marie Quinlivan, and Maria Elena Gonzalez, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McGLOON delivered the opinion of the court:

Defendant, Milton C. Jacobson, appeals from an order of the circuit court of Cook County denying his motion to quash a subpoena *duces tecum* and an order adjudging him in contempt of court.

On appeal, defendant contends that the trial court erred in denying his motion to quash the subpoena which requested production of documents protected by the attorney-client privilege.

We reverse and remand.

Our review of the record discloses the following facts. Denise Morales, Hugo Novales and Martha Novales were attacked by three offenders while attending a rock concert. The offenders were subsequently indicted on criminal charges. Defendant, a licensed attorney, was retained by Morales and the Novales to represent them in a civil

action against various owners of the rock concert site. In preparation of the civil suit, defendant had conversations with his clients concerning the facts upon which their civil action was based. It is undisputed that these conversations were privileged communications protected by the attorney-client privilege. Furthermore, each client testified that he or she did not want to waive their privilege.

The three offenders filed a motion for discovery seeking copies of the statements made by Morales and the Novales to their attorney. Thereafter, the State subpoenaed defendant's records concerning his conversations with his clients. Defendant filed a motion to quash the subpoena *duces tecum* alleging that the communications were privileged.

Following a hearing, the trial court determined that the documents subject to the subpoena were protected by the attorney-client privilege. However, the court denied defendant's motion and ordered an *in camera* inspection of the documents. The inspection, the court stated, would be conducted in order to determine whether the documents contained information material to the offenders' criminal defense which might be discoverable under *Brady v. Maryland* (1963), 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194. (In *Brady*, the United States Supreme Court held that suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to an accused's defense.) Defendant refused to tender the documents to the court and was found in contempt and fined.

Defendant contends that privileged communications between an attorney and his client are not subject to review by a trial court in a separate criminal proceeding.

The policy underlying the attorney-client privilege is to encourage full and frank consultation between a client and his attorney by removing the fear of compelled disclosure of information. (*People v. Adam* (1972), 51 Ill. 2d 46, 280 N.E.2d 205.) Strict confidentiality, promoted by permanent protection from disclosure, is the very essence of the existence of the attorney-client privilege. It is also the basis for allowing such communications complete exemption from discovery. *Shere v. Marshall Field & Co.* (1974), 26 Ill. App. 3d 728, 327 N.E.2d 92.

In Illinois, as in most jurisdictions, the attorney-client privilege is codified:

> *"Privilege and Work Product.* All matters that are privileged against disclosure on the trial, including privileged communications between a party or his agent and the attorney for the

party, are privileged against disclosure through any discovery procedure. Material prepared by or for a party in preparation for trial is subject to discovery only if it does not contain or disclose the theories, mental impressions, or litigation plans of the party's attorney. The court may apportion the cost involved in originally securing the discoverable material, including when appropriate a reasonable attorney's fee, in such manner as is just." 87 Ill. 2d R. 201(b)(2).

■■ Case law, as codified by our statute, therefore establishes that privileged communications are at the instance of the client permanently protected from discovery. If a client is called as a witness he need not be a party to the action in order to invoke the protection of the privilege. An attorney must be afforded similar protection. Otherwise, the policy of the privilege would be destroyed.

The State contends that the offenders' sixth and fourteenth amendment rights to confront one's accusers should take precedence over defendant's right to prohibit the disclosure of their confidential conversations with their attorney. We disagree. *People v. Duarte* (1979), 79 Ill. App. 3d 110, 398 N.E.2d 332.

■■ In denying defendant's motion, the trial court found that where an accused's constitutional rights conflict with the traditional right of the attorney-client privilege, the court should be allowed to review the materials subject to the subpoena to determine whether any of that material meets the requirement of disclosure. Under *Brady*, however, the communications sought to be disclosed were not clothed with the protection of the attorney-client privilege. It is undisputed that the documents and records which the State seeks to discover in the instant case are protected by the attorney-client privilege. Moreover, in *Brady* the evidence which the criminal defendant attempted to discover was in the possession of the State. The instant case is further distinguishable in that the criminal offenders seek to discover documents in the possession of an attorney who is not a party. Accordingly, we find that defendant was justified in refusing to tender the privileged materials. Under the circumstances of the present case, to compel an attorney to disclose privileged communications upon threat of contempt would defeat the policy of the privilege.

For the foregoing reasons, we reverse the judgment of the circuit court of Cook County and remand the cause for further proceedings.

Order reversed; cause remanded.

GOLDBERG and CAMPBELL, JJ., concur.