THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
PHILIP J. PEARSON, Defendant-Appellee.

Second District    No. 2—90—0417

Opinion filed April 5, 1991.

Gary V. Johnson, State's Attorney, of Geneva (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Allen M. Anderson, of Ariano, Anderson, Bazos, Hardy, Kramer & Castillo, of Elgin, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Philip J. Pearson, was charged in a two-count indictment with unlawful possession of a controlled substance (cocaine) with intent to deliver and unlawful possession of a controlled substance (co-

caine) (Ill. Rev. Stat. 1989, ch. 56½, pars. 1401(b)(2), 1402(b)). Upon the State's continued refusal to comply with the discovery ordered by the trial court in response to defendant's motion for discovery, the court dismissed the indictment on April 6, 1990. The State appealed and filed a certificate of impairment pursuant to Supreme Court Rule 604(a)(1) (134 Ill. 2d R. 604(a)(1)). The State contends that it was error for the trial court to dismiss the indictment when the State refused to comply with its discovery order where the defendant's request for information concerned a possible confidential informant. We disagree, and we affirm the judgment of the trial court.

The record reveals that, on August 31, 1989, defendant filed a motion for discovery in which he sought, in the first three paragraphs, police reports, files, and documentation of payments, negotiations, promises or agreements entered into by law enforcement officials with a person named Wayne Taylor during the years 1987 through 1989; defendant also requested the names and case numbers of all cases in which Taylor was listed by the State as a possible witness during those years.

At a status hearing on September 28, 1989, defense counsel noted the State had not yet provided the information requested concerning Taylor. The defense believed Taylor was involved in the case, particularly with respect to the issuance of a search warrant. Defense counsel pressed for the information on October 27 and on December 8. The case was continued to January 26, 1990, at which time the prosecutor indicated he was attempting to obtain the information. The case was again continued to March 23, 1990, when defense counsel informed the court he had just learned the State did not intend to comply with the discovery request pertaining to Taylor and this refusal had also delayed defendant's own investigation. The State argued for the first time defendant was not entitled to the information and speculated defendant now believed Taylor was an informant. The State appeared to argue hypothetically that, if in fact Taylor were an informant, he was not involved in the transaction, and, therefore, defendant was not entitled to discovery because the State would be privileged to deny such a request.

The trial court opined that, in order to resolve the issue whether the information should be disclosed, a hearing would be necessary to determine whether Taylor was, in fact, an informant.

Defendant again asserted the information was critical to his case, particularly in evaluating the accuracy of the warrant and in determining whether any motions pertaining to the warrant would be available to him. Defendant noted he was not asking for the disclosure of

an informant, but, rather, he was asking for information about a specific individual. Defendant further asserted that, if the State wished to invoke its privilege, an *in camera* proceeding would be appropriate.

The trial court ruled that, if the State failed to produce the requested information within two weeks, the indictment would be dismissed. When the prosecutor further argued the propriety of the order, the trial court noted the person was a named individual. The court stated that, if the State had "information regarding this man that is relevant to this case, it must be produced unless he happens to be the confidential informant under circumstances where it doesn't have to be produced." The trial court added, "[h]e isn't asking you today to name the confidential informant." After the court restated its ruling, the prosecutor commented that the request would be burdensome. The court suggested that, if the prosecutor needed more time, he should ask for it.

On April 6, 1990, the State informed the court it would refuse to comply with the discovery order. The State asked the court to reconsider its prior ruling. In its written motion to reconsider, the State asserted defendant was attempting to discover whether Wayne Taylor was a confidential informant who provided information which served as the basis for an executed search warrant which, in turn, resulted in the charges. The State would not disclose whether Taylor was an informant and urged that, if Taylor was, in fact, an informant, this was a State secret protected by privilege (see 134 Ill. 2d R. 412(j)(ii)). The State argued alternatively that, if Taylor was not a confidential informant, the information requested was material only if the State called Taylor as a witness. The State then asserted it would not call Taylor as a witness. In presenting the State's motion, the State argued its refusal to comply was based on its need to protect all confidential sources.

The trial court noted the State's position left it three choices. First, the trial court could "cave in"—a solution the court found unacceptable. Second, the court could issue a rule to show cause against the State's Attorney, but that option would affect the trial court's disposition of other pending cases involving the State's Attorney until the issue was resolved, and it could create a situation where the trial judge would have to recuse himself. The third option was to dismiss the charges. This was the course of action the trial court chose. The State then indicated it had already prepared an order of dismissal. When the trial court expressed its surprise the State had guessed the outcome, the State indicated it wanted the issue clarified and the case would be appealed.

The court noted that, considering the totality of the record, it was obvious that the person in question had not been identified as a confidential informant. If he had been identified as an informant, then there would need to be a hearing to ascertain whether he was an occurrence witness. The court reiterated the person was not identified as a confidential informant, and he may have relevant information. The case was thereupon dismissed.

The issue before this court is whether it was an abuse of discretion for the trial court to dismiss the indictment against defendant where the State declined to actually assert the informant privilege as a ground for refusing disclosure of the information ordered by the court and where the State refused to submit the propriety of its claim of privilege to the court's scrutiny.

■ The informant's privilege is an exception to the general rule of disclosure in criminal cases and is founded on a public-policy consideration of encouraging effective law enforcement by protecting confidential sources of information concerning the commission of crimes. (See *People v. Raess* (1986), 146 Ill. App. 3d 384, 388-89.) The privilege is set forth in Supreme Court Rule 412(j)(ii), which provides:

"Disclosure of an informant's identity shall not be required *where his identity is a prosecution secret* and a failure to disclose will not infringe the constitutional rights of the accused. Disclosure shall not be denied hereunder of the identity of witnesses to be produced at a hearing or trial." (Emphasis added.) 134 Ill. 2d R. 412(j)(ii).

■ There is no fixed rule concerning when an informant's identity must be disclosed, and the decision to disclose must be made on the circumstances of each case by balancing the public interest in protecting informants against the right of an accused to prepare a defense. (*People v. Woods* (1990), 139 Ill. 2d 369, 378.) The privilege is not absolute, however, and its scope is limited by the fundamental requirement of fairness. (*Raess*, 146 Ill. App. 3d at 389.) Thus, where the disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. In these situations, the trial court may require disclosure, and, if the government withholds the information, the court may dismiss the action. (*Roviaro v. United States* (1957), 353 U.S. 53, 61-62, 1 L. Ed. 2d 639, 645-46, 77 S. Ct. 623, 628.) Thus, for example, when the informant has participated in, witnessed, or helped to set up the criminal occurrence and has not been merely a tipster, the State's privilege against disclosure may be overcome and disclosure may be required.

(See *Woods*, 139 Ill. 2d at 380.) However, where the informant's identity is *already known*, the privilege no longer applies. *Woods*, 139 Ill. 2d at 377-79.

■ In the case at bar, the State stopped short of invoking the privilege, and defendant already knew the identity of the person in question, Wayne Taylor. Defendant did not ask for disclosure of an informant's identity, but sought documents concerning a person named Taylor which might be relevant to defendant's case. Under the circumstances, we deem the privilege *in*applicable.

■ The State contends that, if Taylor were in fact an informant, the information requested might conceivably reveal his status as an informant and this status, the State appears to argue, is a State secret. In any case, the State asserts that, if Taylor were an informant, he was not a participant or witness in the criminal transaction; therefore, the State argues, information concerning him would be privileged. This argument begs the question. We believe if the State wishes to have the protection afforded by the privilege, it must first invoke the privilege. Additionally, if the State believes it has grounds for asserting the privilege, it is required to submit those grounds to the trial court so it can determine the legitimacy of the assertion. Whether the informant's privilege may be properly asserted is a matter for the trial court to decide, not the State. The courts cannot permit the State to be the self-appointed arbiter of a defendant's constitutional rights. (See *People v. Perez* (1974), 25 Ill. App. 3d 371, 374; see also *Raess*, 146 Ill. App. 3d at 393.) If the information was, in fact, privileged, we see no reason why the State could not have submitted it to the trial court for an *in camera* determination of whether any of the information was privileged. Since it cannot be determined from the record whether any of the information was privileged, we can only speculate as to the merits of the State's claim of privilege. See *People v. Adam* (1972), 51 Ill. 2d 46, 49.

■ The State also argues that, due to its concern for Taylor's safety, it should not be required to divulge any further information regarding Taylor even though his identity was known to defendant. However, the State failed to present any basis for this assertion in the trial court. If disclosure of the information presented some actual concern for Taylor's safety or well-being, it was the State's burden to demonstrate disclosure would place Taylor in danger. *People v. Lewis* (1974), 57 Ill. 2d 232, 237; *Raess*, 146 Ill. App. 3d at 394.

■ Finally, the State argues that it fails to see the usefulness of the desired information to the defense. Defendant did articulate his belief information regarding Taylor would be useful in evaluating the

accuracy of the search warrant and to determine whether defendant had any basis for a motion with respect to the warrant. The desirability of calling a witness, or at least interviewing him in preparation for trial, is a matter for the defendant rather than the State to decide. *Raess*, 146 Ill. App. 3d at 393.

█ █ A trial court has inherent power to impose sanctions, including dismissal, in order to insure a defendant gets a fair trial *(People v. Lawson* (1977), 67 Ill. 2d 449, 456) and to compel compliance with its discovery orders, particularly where it has warned the offending party of the consequences beforehand (see *Raess*, 146 Ill. App. 3d at 395). Here, the State only interjected the issue of privilege after it had indicated for several months the information would be forthcoming. We cannot condone this type of stonewalling, and we conclude the court was within its discretion to dismiss the indictment as a sanction for the State's recalcitrance where the court had warned the State of the consequences beforehand. Furthermore, the State not only refused to comply but made no argument against dismissal and offered no alternative sanction. Under the circumstances, the trial court's order of dismissal was warranted.

The judgment of the circuit court of Kane County is affirmed.

Affirmed.

GEIGER and INGLIS, JJ., concur.