(No. 45694.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ALICE L. SCHMIDT, Appellant.

*Opinion filed March 29, 1974.*

A. J. Marco and Anthony F. Mannina, both of Downers Grove, for appellant.

William J. Scott, Attorney General, of Springfield (James B. Zagel and Jayne A. Carr, Assistant Attorneys General, of counsel), for the People.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

The defendant, Alice L. Schmidt, was arrested for driving while under the influence of intoxicating liquor, in violation of the Illinois Vehicle Code, section 11—501 (Ill. Rev. Stat. 1971, ch. 95½, par. 11—501). She sought pretrial discovery of an alcoholic-influence report and any police reports containing observations and statements. The alcoholic-influence report contained results of a breath-alyzer test and was furnished to defendant as a chemical test pursuant to section 11—501(g). Also made available to defendant was the video tape of defendant presumably made upon her arrival at the police station following her arrest. The prosecutor, however, refused to disclose, prior to trial, a Driving While Intoxicated Arrest Report, characterizing it as a routine police report of the facts of the arrest and not subject to pretrial discovery in a misdemeanor case, although agreeing to its production at trial for impeachment purposes. The trial court examined the arrest report *in camera,* held it to be "an extension of the visual" and a "supplemental alcoholic influence report" and therefore discoverable. The State refused to comply with the order to furnish the report to defendant prior to trial. The trial court thereupon entered an order excluding all information contained in the report from use at trial. The trial judge's comments indicate he believed

this court would ultimately be "forced" to extend application of the discovery rules to misdemeanor cases, and was exercising his discretion in extending them in this case. In reversing the trial court the Appellate Court for the Second District (*People v. Schmidt,* 8 Ill. App. 3d 1024) held discovery rules were inapplicable since the charge in this case did not carry with it the possibility of imprisonment in the penitentiary. We allowed leave to appeal.

Defendant contends that while the rules of discovery are mandatory in application to cases where penitentiary imprisonment is possible, discretion remains with the trial courts as to application of those rules to misdemeanors. Our Rule 411 in relevant part provides: "These rules shall be applied in all criminal cases wherein the accused is charged with an offense for which, upon conviction, he might be imprisoned in the penitentiary." 50 Ill.2d R. 411.

Prior to the adoption of these rules, criminal discovery was governed solely by case law and statutory provisions. Substantial variations in the scope of discovery permitted among the several circuits and even among judges in the same circuits prompted this court to appoint a committee of experienced lawyers and judges for the purpose of formulating criminal discovery rules for consideration by us. That committee submitted to us majority and minority reports indicating the views of its members as to the offenses to which the rules should be applicable and the subject matter which should be discoverable. The views of the committee members ranged from recommendations permitting discovery in cases involving violations of "any penal statute" to those where a penitentiary sentence was a possible punishment. After careful consideration of the various factors involved this court adopted Rule 411 as it now reads. Among the factors motivating the decision to restrict application of the rules to cases in which a penitentiary sentence was possible was our awareness of the very substantial volume of less serious cases and the

impact upon their expeditious disposition of the expanded discovery provided by the new rules. A second consideration in reaching our conclusion was our desire to eliminate, so far as feasible, substantial variances in the scope of discovery permitted in the courts of this State. To now hold, as defendant urges we do, that the trial judges have discretion to apply our criminal discovery rules to less serious offenses would renew in those cases the very problems we sought to eliminate in the more serious cases.

The State is required to furnish defendants in misdemeanor cases with a list of witnesses (Ill. Rev. Stat. 1971, ch. 38, par. 114—9), any confession of the defendant (Ill. Rev. Stat. 1971, ch. 38, par. 114—10), evidence negating the defendant's guilt (*Brady v. Maryland,* 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194), and, in this particular case, the results of the breathalyzer test (Ill. Rev. Stat. 1971, ch. 95½, par. 11—501(g)). Additionally, the report which the defendant seeks will be available at trial for use in impeachment of the prosecution witness who prepared it. (*People v. Cagle,* 41 Ill.2d 528.) At the time of adoption of the 1971 rules we believed adequate for the lesser offenses the discovery provided by case law and statute, and we see no reason to depart from that view now.

The judgment of the appellate court is affirmed.

*Judgment affirmed.*