THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff v.
ROGER D. HARRIS, Defendant-Appellee.—(QUENTIN J. DURST, Sheriff of
Woodford County, Contemnor-Appellant.)

Fourth District    No. 16436

Opinion filed December 4, 1980.

Tyrone C. Fahner, Attorney General, of Springfield, and Richard M. Baner, State's Attorney, of Eureka (James E. Fitzgerald, Assistant Attorney General, of counsel), for appellant.

Gary G. Johnson, of Normal, for the People.

Mr. JUSTICE MILLS delivered the opinion of the court:

A subpoena is an order of the court.

And an order is to be complied with.

No one—even a sheriff—can decide whether he will obey one or not.

Sheriff Quentin Durst of Woodford County was held in contempt and fined 10 cents when he refused to comply with a trial court order to produce certain police reports, pursuant to a subpoena. The subpoena was served on behalf of Roger Harris, who is charged with resisting a peace officer. It directed the sheriff to appear on June 19, 1979, and bring all records and reports involving an incident near the Woodford County jail on September 9, 1978, which resulted in Roger Harris being charged with a misdemeanor.

When the parties appeared on June 19, 1979, the State's Attorney did not move to quash the subpoena, but argued that police reports are not discoverable in misdemeanor cases. Upon the advice of the State's Attorney, the sheriff refused to comply with the trial court order. The State now appeals this judgment of contempt.

The State's argument centers on its claim that subpoenas cannot properly be used to evade the limits of discovery. It relies on *People v. Schmidt* (1974), 56 Ill. 2d 572, 309 N.E.2d 557. There, the court held that the supreme court rules governing discovery are inapplicable to misdemeanors. But that case does not deprive trial courts of their inherent discretionary authority to order discovery in a nonfelony case for the purpose of seeing that the criminal trial process is fair and achieves its goal of ascertaining the truth. (*People v. Williams* (1980), 90 Ill. App. 3d 158, 413 N.E.2d 118.) Furthermore, the trial court here did not order discovery but ordered compliance with a subpoena. *Schmidt* provides no justification for Sheriff Durst's refusal to comply with this subpoena as ordered by the court.

The use of a subpoena to acquire police reports was upheld by our supreme court in *People ex rel. Fisher v. Carey* (1979), 77 Ill. 2d 259, 396 N.E.2d 17. We agree with the court below that *Fisher* controls here. The use of subpoenas is a judicial process, constitutionally and statutorily

independent of the discovery rules. The *Fisher* court expressly found the subpoena of police reports meets the requirements for issuance of a subpoena set forth in *United States v. Nixon* (1974), 418 U.S. 683, 41 L. Ed. 2d 1039, 94 S. Ct. 3090.

The State further attempts to attack the validity of this subpoena as being overly broad. But, as previously stated, no attempt to quash the subpoena was made below. Further, we agree with defendant that the subpoena and the trial court's order of production were clearly directed at the police reports.

We are aware of and join in the *caveat* that the subpoena was not intended to provide a means of discovery for criminal cases, as noted in both *Fisher* and *Nixon*. However, the fact that police reports are not discoverable under the rules in misdemeanor cases does not, in itself, affect the validity of the subpoena. And the procedure employed herein— disobedience of a court order to comply with a valid subpoena—is not the proper manner in which to test the scope of a subpoena. Any contention that the subpoena process is being abused should be presented to the trial court in a motion to quash. *Fisher*.

■■ We recognize that Sheriff Durst's contemptuous behavior was brought about by the perceived inconsistency between *Schmidt* and *Fisher* on the part of the State's Attorney. As such, it is appropriate that the contempt judgment and fine be vacated upon compliance. See *People v. Endress* (1969), 106 Ill. App. 2d 217, 245 N.E.2d 26; *People v. Crawford* (1969), 114 Ill. App. 2d 230, 252 N.E.2d 483.

Accordingly, the trial court's order that the sheriff produce the police reports pursuant to subpoena is affirmed, and the cause is remanded for further proceedings.

Affirmed and remanded with directions.

CRAVEN and WEBBER, JJ., concur.