(No. 54320.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JAMES W. WILLIAMS, JR., Appellant (Charles H. Delano, Appellant).

*Opinion filed November 20, 1981.*

Robert J. McIntyre, of Delano Law Offices, P.C., of Springfield, for appellant.

Tyrone C. Fahner, Attorney General, and J. William Roberts, State's Attorney, both of Springfield (Melbourne A. Noel, Jr., Assistant Attorney General, of counsel), for the People.

MR. JUSTICE MORAN delivered the opinion of the court:

The Sangamon County circuit court found defendant's counsel, Charles H. Delano, in contempt of court for failure to comply with its discovery order. The appellate court affirmed (90 Ill. App. 3d 158), and we granted leave to appeal.

Defendant, James W. Williams, Jr., was charged by complaint with disobeying a stop sign and speeding, each being classified a misdemeanor offense. Pursuant to section 114—9 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 114—9), Delano filed a discovery motion seeking, *inter alia*, the names of witnesses the State expected to call at trial. The State provided the requested information and subsequently filed its own discovery motion, seeking the names of defendant's witnesses. The court ordered Delano to comply with the request, but he refused to do so. He was thereupon found in contempt of court and fined $10. The pending criminal proceedings were stayed pending the appeal of the judgment for contempt.

The appellate court found that a trial court has authority to order discovery of the defendant by the State in a nonfelony case. The court partially based its finding on this court's decision in *People v. Schmidt* (1974), 56 Ill. 2d 572, and reasoned that discovery should be required where it is necessary to protect the State from unfair surprises and disadvantages. Although the court recognized that *Schmidt* did not extend the criminal discovery rules to nonfelony

cases, it nevertheless determined that trial courts, under their inherent power, could require discovery in the interests of justice.

The sole issue on appeal is whether a trial court has inherent authority to order discovery of the defendant by the State in a nonfelony case. We hold that it does not.

Supreme Court Rule 411 (73 Ill. 2d R. 411), effective October 1, 1971, provides:

"These rules shall be applied in all criminal cases *wherein the accused is charged with an offense for which, upon conviction, he might be imprisoned in the penitentiary.* They shall become applicable following indictment or information and shall not be operative prior to or in the course of any preliminary hearing." (Emphasis added.)

The State, relying on the rationale of the appellate court, contends that, notwithstanding the rule, the prosecution is accorded limited discovery in nonfelony cases. This contention is based on the concluding paragraph in *People v. Schmidt* (1974), 56 Ill. 2d 572, 575:

"The State is required to furnish defendants in misdemeanor cases with a list of witnesses (Ill. Rev. Stat. 1971, ch. 38, par. 114—9), any confession of the defendant (Ill. Rev. Stat. 1971, ch. 38, par. 114—10), evidence negating the defendant's guilt (*Brady v. Maryland* [(1963)], 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194), and, in this particular case, the results of the breathalyzer test (Ill. Rev. Stat. 1971, ch. 95½, par. 11—501(g)). Additionally, the [police] report which the defendant seeks will be available at trial for use in impeachment of the prosecution witness who prepared it. (*People v. Cagle*, 41 Ill. 2d 528.) At the time of adoption of the 1971 rules we believed adequate for the lesser offenses the *discovery provided by case law and statute,* and we see no reason to depart from that view now." (Emphasis added.)

The appellate court found that the emphasized portion of this paragraph allows a limited right of discovery where

it was provided for by either previous case law or statute. Conceding that there is no statutory law authorizing discovery by the State in a misdemeanor case, the court held that its own previous decisions in *People v. Endress* (1969), 106 Ill. App. 2d 217, and *People v. Tribbett* (1967), 90 Ill. App. 2d 296, provided sufficient case law to allow trial courts to order pretrial disclosure. *Endress* and *Tribbett*, decided by the same district of the appellate court as in the instant case, found that courts have inherent authority to order pretrial discovery. These cases involved a defendant, not the State, requesting discovery. Discretionary discovery favoring the prosecution had not developed under case law prior to our rules. More importantly, *Endress* and *Tribbett* were decided *prior* to the promulgation of the rules regarding criminal discovery. Whatever authority a trial court may have had to order pretrial discovery, absent specific rules, is no longer relevant. A rule adopted by this court is an expression of its inherent or constitutional power which, upon its effective date, becomes law the same as a statute or the law in a given case.

In *Schmidt,* the court noted certain instances whereby discovery procedures would be allowed in nonfelony cases. These procedures include providing the defendant with a list of witnesses, the results of any breathalyzer test, any inculpatory statements made by the defendant, and any evidence which tends to negate the defendant's guilt. (56 Ill. 2d 572, 575.) These limited additional provisions arose under case law and statutes which we do not consider in conflict with the discovery rules. It is noteworthy that none of the allowable disclosures accord the State discovery rights in misdemeanor cases.

The State next contends that if one party is entitled to discovery, due process requires reciprocity. Thus, in the instant case, since the defendant is entitled to a list of prosecution witnesses, the prosecution should be provided with the names of defense witnesses. The State relies

primarily on the decision in *People v. DeWitt* (1979), 78 Ill. 2d 82, 85, in which this court noted that "due process does not guarantee pretrial discovery to a criminal defendant unless the defendant is also required to furnish similar discovery to the State."

Generally, there is no constitutional right to pretrial discovery. (*Weatherford v. Bursey* (1977), 429 U.S. 545, 51 L. Ed. 2d 30, 97 S. Ct. 837.) In *DeWitt,* this court merely recognized the Supreme Court's decision in *Wardius v. Oregon* (1973), 412 U.S. 470, 37 L. Ed. 2d 82, 93 S. Ct. 2208, which held that, constitutionally, a defendant is entitled to discovery whenever that defendant must furnish similar discovery to the State. The converse of the reciprocity theory is not true; when a defendant is granted pretrial discovery, there is no corresponding due process right to the State.

The due process clauses of the fifth and fourteenth amendments were enacted to protect "persons," not States. (*Curry v. McCanless* (1939), 307 U.S. 357, 83 L. Ed. 1339, 59 S. Ct. 900.) "The word 'person' in the context of the Due Process Clause of the Fifth Amendment cannot, by any reasonable mode of interpretation, be expanded to encompass the States of the Union, and to our knowledge this has never been done by any Court." (*South Carolina v. Katzenbach* (1966), 383 U.S. 301, 323-24, 15 L. Ed. 2d 769, 784, 86 S. Ct. 803, 816.) In light of the similar language in both amendments, we see no reason to attribute a different meaning to "persons" as that word is used in the fourteenth amendment. It is clear that a State is not a person within the meaning of the fourteenth amendment; thus, the State cannot benefit from the due process protection embodied in that amendment. Indeed, the *purpose* of the fourteenth amendment is to protect individuals from State action. *E.g., District of Columbia v. Carter* (1973), 409 U.S. 418, 423, 34 L. Ed. 2d 613, 620, 93 S. Ct. 602, 605-06.

The final issue concerns the validity of the contempt

judgment imposed on Delano for failing to comply with the discovery order. While sanctions are a proper means by which to enforce discovery procedures (Ill. Rev. Stat. 1977, ch. 110A, par. 219(c)), this rule presupposes the discovery order was valid. When it is invalid, the contempt charge should be reversed. (*People v. Ryan* (1964), 30 Ill. 2d 456.) Having determined the discovery order in this case was improper, the contempt judgment is vacated.

For these reasons, the judgment of the appellate court is reversed, the judgment of contempt by the circuit court of Sangamon County is vacated, and the cause is remanded to that court for further proceedings against the defendant, James W. Williams, Jr.

*Appellate court reversed;*
*contempt vacated;*
*cause remanded.*