THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSE L. FLORES, Defendant-Appellant.

Second District   No. 2—86—0456

Opinion filed May 27, 1987.

Alfred L. Levinson, of Park Ridge, and Charisse A. Bruno, of Chicago, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Virginia M. Ashley, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:

On March 17, 1986, defendant, Jose L. Flores, was charged with driving while under the influence of alcohol and failure to yield exiting a private drive in violation of sections 11—501(a)(1), 11—501(a)(2), and 11—906 of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1985, ch. 95½, pars. 11—501(a)(1), 11—501(a)(2), 11—906). The arresting officer also issued a "warning to motorist," a notice of summary suspension, a receipt to drive, and a verification of certification. This appeal arose from the trial court's order continuing the summary suspension. Defendant challenges the sufficiency of the notice of summary suspension. For the reasons set forth in *People v. Griffith*

(1987), 153 Ill. App. 3d 856, and expressed below, we affirm.

On April 24, 1986, a hearing was held pursuant to defendant's petition to rescind the summary suspension. Defendant objected to the sufficiency of the notice of summary suspension on two bases. First, defendant argued that the notice failed to state the arresting officer's grounds for believing that defendant had violated the statute. Furthermore, defendant argued that although the arresting officer's report had been incorporated by reference in the notice, it had not been filed with the notice as an exhibit. In response to defendant's objection, the court instructed the arresting officer, Officer Visconti, to provide defense counsel with his written report. After receiving the report, defense counsel then objected on the grounds that the report did not state Visconti's observations of defendant's condition, but, rather, merely referred to his "field notes," which were not attached as an exhibit. The court allowed defense counsel to review the "field notes" and proceeded to commence the hearing. The court noted that under *Mackey v. Montrym* (1979), 443 U.S. 1, 61 L. Ed. 2d 321, 99 S. Ct. 2612, a notice of suspension need not state the grounds on which an officer's action is based if the arresting officer is available to testify to what he believed were the reasonable grounds.

Officer Visconti testified that while on routine patrol on March 17, 1986, at approximately 9:30 p.m., he received a call to go to the scene of an accident at 934 Church Road. When he arrived, he found two cars with their bumpers locked and the drivers standing outside the vehicles. He asked both drivers to sit in the police car. Once inside the car, Visconti detected the odor of alcohol and asked the drivers if either had anything to drink prior to the accident. Defendant replied that he had just left a bar where he had consumed alcohol. Visconti then asked defendant to perform various sobriety tests. In Visconti's opinion, defendant failed these tests. Visconti testified that he then placed defendant under arrest since, in his opinion, defendant was under the influence of alcohol. Visconti testified that he transported defendant to the police station, where a second officer, Officer Hargreaves, administered a breathalyzer test. On cross-examination Visconti stated that he arrived on the scene at 9:23 p.m., but did not know how long prior to his arrival the accident had occurred. He also stated that the breathalyzer test was administered at 11:30 p.m.

Officer Hargreaves testified that after defendant received proper warnings, he was given the breathalyzer test. Defendant blew a 0.15. On cross-examination Hargreaves stated that defendant arrived at the police station at 11 p.m. Hargreaves further stated that he observed defendant for 21 minutes before he administered the breathalyzer test.

Defendant testified that he was involved in a car accident on March 17, 1986, at approximately 9:10 p.m. Prior to the accident he had been at a company party. Defendant further testified that 15 minutes after the police arrived at the scene of the accident, he was taken to the police station, where he sat alone in a room for one hour and 15 minutes. Subsequently, defendant was taken downstairs, where he was given the breathalyzer test. The trial court denied defendant's petition to rescind the summary suspension. Defendant then filed this appeal.

The issue before this court is whether the circuit court erred when it refused to rescind defendant's summary suspension. Defendant's arguments on appeal relate to the "quality of hearing" he received, thereby implicating his due process rights. Specifically, defendant argues that the notice of summary suspension was insufficient in that it failed to state Visconti's grounds for the arrest. It is defendant's position that because he was not apprised of the grounds for his arrest, he was severely prejudiced in his preparation of a defense. Defendant also argues that the court's reliance on *Mackey v. Montrym* (1979), 443 U.S. 1, 61 L. Ed. 2d 321, 99 S. Ct. 2612, was misplaced. Defendant argues that *Mackey* is inapplicable to cases arising after January 1, 1986, since it interpreted a provision of the Code which has since been revised. We reject both positions of defendant.

■ The suspension of a driver's license implicates a protected property interest. (*Mackey v. Montrym* (1979), 443 U.S. 1, 10, 61 L. Ed. 2d 321, 329, 99 S. Ct. 2612, 2617.) Therefore, the issue defendant requires us to resolve is "what process is due to protect against an erroneous deprivation of that interest." 443 U.S. 1, 10, 61 L. Ed. 2d 321, 329, 99 S. Ct. 2612, 2617.

■ In *Illinois v. Batchelder* (1983), 463 U.S. 1112, 77 L. Ed. 2d 1267, 103 S. Ct. 3513, the Supreme Court considered this issue with respect to the constitutionality of the then existing implied-consent provision in the Code (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.1). In *Batchelder*, the defendant moved to strike an officer's affidavit because it did not state any facts which showed that the defendant was under the influence of alcohol at the time of his arrest. The Supreme Court held that the constitution does not require an arresting officer to recite in an affidavit the specific and concrete evidentiary matters which provided him with a reasonable belief that the arrested person was driving under the influence of alcohol. The driver's right to a hearing *before* being deprived of his license for failure to submit to a breath analysis test afforded the defendant all of, and probably more than, the process that the constitution requires. (*Illinois v. Batchelder*

(1983), 463 U.S. 1112, 1119, 77 L. Ed. 2d 1267, 1273, 103 S. Ct. 3513, 3517.) In the instant action, defendant was afforded a predeprivation hearing. Therefore, we agree with the trial court that the notice was sufficient despite the fact that it failed to list the grounds for defendant's arrest.

▇ In light of *Batchelder*, defendant's argument that he was prejudiced by a lack of notice of the grounds for his arrest is not well taken. A defendant is not entitled to a police report under misdemeanor discovery. (*People v. Schmidt* (1974), 56 Ill. 2d 572, 575.) In any event, defendant in this case had been given a copy of the alcohol influence report and was also able to review Visconti's "field notes" prior to the commencement of the hearing. Visconti and defendant were both present and available to testify. Furthermore, in *Mackey*, the Supreme Court noted that "something less than an evidentiary hearing is sufficient prior to adverse administrative action." (*Mackey v. Montrym* (1979), 443 U.S. 1, 13, 61 L. Ed. 2d 321, 331, 99 S. Ct. 2612, 2618, quoting *Dixon v. Love* (1977), 431 U.S. 105, 113, 52 L. Ed. 2d 172, 180, 97 S. Ct. 1723, 1728.) Clearly the type of hearing provided in the instant action, where both defendant and the arresting officer testified to their respective versions of the incident, exhibits a reasonably reliable basis for concluding that facts justifying the suspension did exist.

Defendant additionally challenges the trial court's reliance on *Mackey*, arguing that it is inapplicable to implied-consent cases arising after January 1, 1986. After reviewing the relevant provisions of the Code, as well as the court's analysis in *Mackey*, we believe this argument is also misplaced.

In *Mackey*, the court held that a Massachusetts statute mandating suspension of the defendant's driver's license for his refusal to take a breath analysis test did not violate the due process clause of the fourteenth amendment. The court analyzed the degree of process necessary to protect against the erroneous deprivation of a driver's license by applying the three-prong test set forth in *Mathews v. Eldridge* (1976), 424 U.S. 319, 47 L. Ed. 2d 18, 96 S. Ct. 893. The three factors to be considered include:

> " 'First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.' "

*Mackey v. Montrym* (1979), 443 U.S. 1, 10, 61 L. Ed. 2d 321, 329, 99 S. Ct. 2612, 2617, quoting *Mathews v. Eldridge* (1976), 424 U.S. 319, 335, 47 L. Ed. 2d 18, 33, 96 S. Ct. 893, 903.

■ An application of the balancing test mandated by *Eldridge* constrains us to reach the identical result reached by the trial court. In applying the first step of the test, the *Mackey* court centered on "[t]he duration of any potentially wrongful deprivation of a property interest." (443 U.S. 1, 12, 61 L. Ed. 2d 321, 331, 99 S. Ct. 2612, 2618.) There is no concern or risk under section 11—501.1 that a driver will be deprived of his license prior to a hearing. (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1.) Sections 11—501.1 and 2—118.1 (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1) clearly grant a driver the right to a hearing *before* his license is suspended.

■ "[T]he second stage of the *Eldridge* inquiry requires consideration of the likelihood of an erroneous deprivation of the private interest involved as a consequence of the procedures used." (*Mackey v. Montrym* (1979), 443 U.S. 1, 13, 61 L. Ed. 2d 321, 331, 99 S. Ct. 2612, 2618.) As stated above, the *Mackey* court noted that something less than an evidentiary hearing was sufficient prior to adverse administrative action. Clearly, the fact that the implied-consent provision allows for a predeprivation hearing with testimony given by both the defendant and the arresting officer weighs heavily in favor of its constitutionality.

■ "The third leg of the *Eldridge* balancing test requires us to identify the governmental function involved; also, to weigh in the balance the state interests served by the summary procedures used, as well as the administrative and fiscal burdens, if any, that would result from the substitute procedures sought." (*Mackey v. Montrym* (1979), 443 U.S. 1, 17, 61 L. Ed. 2d 321, 334, 99 S. Ct. 2612, 2620.) Defendant argues that the State's interest is insufficient since he did not refuse to take the breath analysis test. We recognize that the implied-consent provisions interpreted in both *Mackey* and *Batchelder* applied only to drivers who *refused* to take the breath analysis test. (See Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.1.) Under the revised provision, drivers who refuse to submit to the test, as well as drivers who submit to the test and blow a 0.10 or greater, are subject to statutory summary suspension of their privilege to operate a motor vehicle. (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1.) We believe that the interest of the State in depriving an intoxicated driver permission to continue operating an automobile is exceptionally strong and is not limited to penalizing only those drivers who refuse to provide objective evidence of intoxication. The statutory scheme of equal treatment for drivers

who refuse to take the test and those who fail the test serves the State's interest in promoting highway safety. In this regard the State has a strong and substantial interest in summarily removing intoxicated drivers from its highways. *Illinois v. Batchelder* (1983), 463 U.S. 1112, 1118, 77 L. Ed. 2d 1267, 1272, 103 S. Ct. 3513, 3516.

We believe that the *Mackey* analysis is applicable to the instant action. Furthermore, under the facts in the present case, the trial court afforded the defendant all of the process to which he was entitled.

Accordingly, the decision of the trial court is affirmed.

Affirmed.

DUNN and NASH, JJ., concur.